UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN CARTER

    Plaintiff,                                    Case No. 13-14396
                                                Hon. Lawrence P. Zatkoff

v.

SOCIAL SECURITY, COMMISSIONER OF

    Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 27, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Plaintiff submitted his *pro se* complaint [dkt 1], an application to proceed *in forma pauperis* [dkt 3] and a request for service [dkt 4] on October 18, 2013. For the following reasons, Plaintiff's requests to proceed *in forma pauperis* and for service are DENIED and his *pro se* complaint is DISMISSED.

## II. ANALYSIS

**A. PLAINTIFF'S REQUEST TO PROCEED *IN FORMA PAUPERIS***

Plaintiff has filed an application to proceed without prepayment of fees. Under 28 U.S.C. § 1915(a), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses

that the person is unable to pay such fees or give security therefor." The reference to assets of "such prisoner" is likely a typographical error; thus, § 1915(a) applies to all natural persons. *See Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997). If a motion to proceed without prepayment of fees is filed and accompanied by a facially-sufficient affidavit, the Court should allow the complaint to be filed. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 261 (6th Cir. 1990) (citing *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)). Only after the complaint is filed is it tested to determine whether it is frivolous or fails to state a claim. *See id*. at 261.

The Court has reviewed Plaintiff's application and has determined that he is not entitled to proceed *in forma pauperis*. The financial information in the application does not indicate that Plaintiff is unable to pay the filing fee; therefore, the Court DENIES Plaintiff's application to proceed *in forma pauperis* [dkt 3].

**B. REVIEW OF PLAINTIFF'S COMPLAINT**

Upon considering a plaintiff's request to proceed *in forma pauperis*, the Court performs a preliminary screening of the complaint under several provisions of the United States Code. Pursuant to 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c)(1), the Court is to *sua sponte* dismiss the case before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. The Court has a duty to construe a *pro se* plaintiff's pleadings liberally, *see, e.g.*, *Haines v. Kerner*, 404 U.S. 519 (1972), but in doing so, it will not re-write a deficient complaint or otherwise serve as counsel for that plaintiff. *See GJR Invs, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Here, Plaintiff John Carter ("Plaintiff") filed a *pro se* complaint alleging violations of the Federal Tort Claims Act ("FTCA") against Defendant Commissioner of Social Security

2

("Defendant"). Plaintiff's complaint states that, despite his efforts to conform to all payment requests, Defendant informed Plaintiff on April 23, 2012, that Plaintiff had been overpaid by $26,155.20. It is Plaintiff's belief that Defendant violated the FTCA in its "negligent" overpayment of Plaintiff. Plaintiff further asserts that Defendant "failed to make known to Plaintiff that as a result of Plaintiff's earnings from employment that an overpayment of benefits" was occurring, and that this "omission" from Defendant also violated the FTCA.

The Court finds that nothing in the facts provided by Plaintiff indicate a claim upon which relief may be granted. Plaintiff has not alleged that Defendant's claimed overpayment was in error, or that the amount Defendant asserted Plaintiff was overpaid was incorrect. Instead, Plaintiff merely asserts that Defendant was "negligent" in issuing Plaintiff this overpayment, and that Defendant should have told Plaintiff that the earnings from Plaintiff's employment could affect the payment he received from Defendant. Neither of these actions rises to the level of violating the FTCA. As such, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus is dismissed without prejudice.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request to proceed *in forma pauperis* [dkt 3] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's request for service [dkt 4] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's complaint [dkt 1] is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e).

IT IS SO ORDERED.

Date: December 27, 2013      s/Lawarence P. Zatkoff
                             Hon. Lawrence P. Zatkoff
                             U.S. District Court